T.C. Memo. 2003-15


UNITED STATES TAX COURT


DEVINE BROTHERS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8135-01.                    Filed January 16, 2003.


<u>Lowell F. Raeder</u> and <u>David R. White, Jr.</u>, for petitioner.

<u>Gerald A. Thorpe</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


COHEN, <u>Judge</u>:  Respondent determined a deficiency of $25,086 in petitioner's Federal income tax for the fiscal year ended February 28, 1995.  After concessions, the issue for decision is whether deductions claimed by petitioner for salary and bonuses paid to one of its officers, who was also a shareholder, exceeded reasonable compensation.  Unless otherwise indicated, all section

references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioner is a Pennsylvania corporation with its principal place of business in Havertown, Pennsylvania. Petitioner has been operating as a family-run mechanical contractor business, performing heating, air conditioning, and plumbing services since 1918. The business was started by Michael F. Devine and his brother James Devine. In the mid-1950s, Michael F. Devine's son, Richard E. Devine, Sr. (Richard, Sr.), began working for petitioner. Petitioner incorporated in 1954.

Richard, Sr. held a bachelor of science degree in engineering. Richard, Sr. began working for petitioner when he was about 25 years old. Richard, Sr. continued the business started by his father and his uncle and by 1961 had acquired 100 percent of petitioner's outstanding common stock. After becoming the sole shareholder of petitioner, Richard, Sr. had responsibility for human resources, finances, sales and marketing, training and supervising employees, and accounting and legal matters.

In the late 1970s, petitioner experienced problems with the business due to delayed projects and the bankruptcy of a general contractor. Petitioner released all of its employees and scaled back operations, and Richard, Sr. became the sole employee of petitioner. Richard, Sr. changed the direction of the company in the 1980s. Petitioner began to increase its retained earnings to increase its bonding capacity in order to compete in the direct bid market. To meet bonding requirements, petitioner needed to have 10 percent of its revenue in liquid assets. To accomplish this result, petitioner underpaid Richard, Sr. in order to keep liquid assets in the company. Petitioner incrementally increased its bonding capacity each year.

From April 30, 1986, until April 30, 1989, Richard, Sr. transferred 220 of his 550 shares of common stock to his son, Richard E. Devine, Jr. (Richard, Jr.). Discussion began before December 27, 1993, regarding the sale of Richard, Sr.'s remaining shares of common stock to Richard, Jr. On January 15, 1996, Richard, Jr. purchased the remaining shares of petitioner for $305,000. Richard, Jr. paid the purchase price to Richard, Sr. with a note payable in monthly installments over 10 years at an 8-percent interest rate.

During the year in issue and continuing until January 1997, Richard, Sr. was petitioner's president and chairman of the board of directors. Likewise, Richard, Jr. was petitioner's vice

president and a member of the board of directors.  In January 1997, Richard, Jr. became president of petitioner.

For the taxable year ended February 28, 1994, Richard Sr.'s salary was $51,663 and Richard, Jr.'s salary was $66,897.  For the year in issue, Richard, Sr.'s salary was $260,378 and Richard, Jr.'s salary was $112,599.

Richard, Sr. determined the compensation that petitioner paid.  Petitioner never paid dividends to any of its shareholders from its inception to the tax year in issue. Petitioner provided to Richard, Sr. a retirement plan, health insurance, life insurance, disability insurance, and use of a vehicle. Petitioner paid $50,000 into Richard, Sr.'s retirement plan each year for 5 years from 1989 until 1993.

Petitioner filed a Form 1120, U.S. Corporation Income Tax Return, for the taxable year ended February 28, 1995.  Petitioner claimed a deduction of $260,378 for compensation of Richard, Sr. Respondent allowed $195,378 and disallowed the remaining $65,000. The parties stipulated that "Richard Sr.'s annual salary for the taxable year ended February 28, 1995 falls in the range of salaries paid to presidents/chief executive officers of comparable companies in the same industry during the taxable year."

OPINION

Section 162(a)(1) allows as a deduction "a reasonable allowance for salaries or other compensation for personal services actually rendered". Section 1.162-7(a), Income Tax Regs., provides a two-part test for deductibility of compensation: (1) Whether the payment was purely for services rendered and (2) whether the amount paid was reasonable. See Estate of Wallace v. Commissioner, 95 T.C. 525, 552 (1990), affd. 965 F.2d 1038 (11th Cir. 1992). Section 1.162-9, Income Tax Regs., provides that bonuses paid to employees are deductible "when such payments are made in good faith and as additional compensation for the services actually rendered by the employees, provided such payments, when added to the stipulated salaries, do not exceed a reasonable compensation for the services rendered."

Whether an expense that is claimed pursuant to section 162(a)(1) is reasonable compensation for services rendered is a question of fact that must be decided on the basis of the particular facts and circumstances. Estate of Wallace v. Commissioner, supra at 553; Paula Constr. Co. v. Commissioner, 58 T.C. 1055, 1058-1059 (1972), affd. without published opinion 474 F.2d 1345 (5th Cir. 1973). The burden is on petitioner to show that it is entitled to a compensation deduction larger than that allowed by respondent. Welch v. Helvering, 290 U.S. 111, 115

(1933); <u>Owensby & Kritikos, Inc. v. Commissioner</u>, 819 F.2d 1315, 1324 (5th Cir. 1987), affg. T.C. Memo. 1985-267. Section 7491 does not apply to shift the burden in this case because the examination of petitioner's return commenced before July 22, 1998.

Cases traditionally set forth a lengthy list of factors that are relevant in the determination of reasonableness, including: (1) The employee's qualifications; (2) the nature, extent, and scope of the employee's work; (3) the size and complexities of the business; (4) a comparison of salaries paid with gross income and net income; (5) the prevailing general economic conditions; (6) comparison of salaries with distributions to stockholders; (7) the prevailing rates of compensation for comparable positions in comparable concerns; (8) the salary policy of the taxpayer as to all employees; and (9) the amount of compensation paid to the particular employee in previous years. <u>Mayson Manufacturing Co. v. Commissioner</u>, 178 F.2d 115 (6th Cir. 1949), affg. a Memorandum Opinion of this Court. No single factor is determinative. See <u>id.</u>; <u>Estate of Wallace v. Commissioner</u>, <u>supra</u> at 553; <u>Home Interiors & Gifts, Inc. v. Commissioner</u>, 73 T.C. 1142, 1156 (1980). When the case involves a closely held corporation with the controlling shareholders setting their own level of compensation as employees, the reasonableness of the compensation is subject to close scrutiny. <u>Owensby & Kritikos, Inc. v.</u>

<u>Commissioner</u>, <u>supra</u> at 1324; <u>Estate of Wallace v. Commissioner</u>, <u>supra</u> at 556.

Recent cases in some Courts of Appeals have adopted a somewhat different view of this analysis, substituting instead an independent investor test. See, e.g., <u>Exacto Spring Corp. v. Commissioner</u>, 196 F.3d 833, 838 (7th Cir. 1999), revg. <u>Heitz v. Commissioner</u>, T.C. Memo. 1998-220. This case is appealable to the Court of Appeals for the Third Circuit, which has not adopted the independent investor test but has endorsed the traditional multifactor test. See <u>B.B. Rider Corp. v. Commissioner</u>, 725 F.2d 945 (3d Cir. 1984), affg. in part and vacating in part on other grounds T.C. Memo. 1982-98. We have applied the multifactor test for reasonableness, viewed through the lens of an independent investor, when a case is not appealable to a circuit that has addressed this issue. See <u>Haffner's Serv. Stations, Inc. v. Commissioner</u>, T.C. Memo. 2002-38.

Whatever analysis is applied, petitioner has made a prima facie case for reasonableness. Respondent has provided no evidence to the contrary. Respondent conceded in the stipulation that Richard, Sr.'s salary was within the range of salaries paid to similarly situated executives. Respondent allowed all but $65,000 of Richard, Sr.'s compensation. Respondent gives no reasoning for his calculation of the "excessive" compensation.

Under certain circumstances, prior services may be compensated in a later year.  Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 119 (1930); Estate of Wallace v. Commissioner, supra at 553.  However, in such instances, the taxpayer must establish that there was not sufficient compensation in the prior periods and that, in fact, the current year's compensation was to compensate for that underpayment.  Estate of Wallace v. Commissioner, supra at 553-554.  In the year in issue, Richard, Sr.'s salary was within the range of those of similarly situated executives, and witnesses testified that Richard, Sr. had been paid significantly less than similarly situated executives in other years.  Petitioner has established that Richard, Sr. was undercompensated in prior years in order to meet specified bonding requirements, a business necessity.  The testimony also supports an inference, and we conclude, that the bonus paid in the year in issue was intended to compensate for the established undercompensation in the earlier years.  The entire deduction for compensation was therefore reasonable.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.